1 | Scott E. Gizer, Esq., Nevada Bar No. 12216
  *sgizer@earlysullivan.com*
2 | Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
3 | EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
4 | 8716 Spanish Ridge Avenue, Suite 105
  Las Vegas, Nevada 89148
5 | Telephone:  (702) 331-7593
  Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  *ksinclair@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC., CHICAGO TITLE INSURANCE COMPANY, and CHICAGO TITLE OF NEVADA, INC.

DESIGNATED LOCAL COUNSEL FOR SERVICE OF PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> FIDELITY NATIONAL TITLE GROUP, INC., ET AL., <br><br> Defendants. | Case No.: 2:21-CV-00406-JAD-VCF <br><br> **STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL** <br> & ORDER <br><br> ECF Nos. 7, 8, 11 |

Plaintiff Wilmington Trust, National Association ("Wilmington") and Defendants Fidelity National Title Group, Inc., Chicago Title Insurance Company, and Chicago Title of Nevada, Inc. (collectively, "Defendants," and with Wilmington, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:



1
**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL**

**WHEREAS**, this is one of several title insurance coverage disputes pending in this district following an HOA foreclosure sale. The majority of cases concern the ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement;

**WHEREAS**, one such matter is on appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"). The parties to that case—whose counsel are also counsel in this action—have been advised that the Ninth Circuit is considering the *Wells Fargo II* Appeal for oral argument sometime in the Summer of 2021;

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the title insurance policy that could potentially affect the disposition of this action, particularly given some of the similarities between the policy at issue in *Wells Fargo II* Appeal and the policy here;

**WHEREAS**, Wilmington has filed a motion to remand this action to the Eighth District Court (ECF No. 7) and a motion for fees (ECF No. 8);

**WHEREAS**, Defendants' time to oppose the motion to remand, to oppose the motion for fees, and to file responsive pleadings has not yet expired;

**WHEREAS**, because the *Wells Fargo II* Appeal has the potential to resolve certain matters at issue in this case, the Parties stipulate and agree that a stay in this particular case pending the outcome *Wells Fargo II* Appeal is appropriate;

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall be **STAYED** pending the issuance of the mandate pursuant to Fed. R. App. P. 41(a) in the *Wells Fargo II* Appeal.

2. Defendants' deadline to oppose Wilmington's motion to remand this action to the Eighth District Court (ECF No. 7) and motion for fees (ECF No. 8) is hereby **CONTINUED**, and will be reset by mutual agreement of the Parties once the stay is lifted, without prejudice to any arguments that Defendants might assert in opposition to those motions.



3. To the extent that Wilmington has served the complaint and summons on any of Defendants, their deadline to file a responsive pleading arising under Fed. R. Civ. P. 12 is hereby **VACATED** without prejudice to any defenses that such Defendants might assert under Fed. R. Civ. P. 12. Defendants' deadline to file responsive pleadings will be reset when the stay of this action is lifted.

4. The Parties shall submit their proposed schedule to complete briefing on the motion to remand, the motion for fees, and for the served Defendants to file their responsive pleadings within 30 days of when the stay is lifted.

5. Each of the Parties may request a Fed. R. Civ. P. 26(f) conference at any time 180 days after the order granting this stipulation.

6. By entering into this stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL**

7. Nothing contained in this stipulation will prevent the Parties from propounding and enforcing subpoenas to third parties for the purposes of preserving evidence in the possession of third parties.

Dated: April 16, 2021                              WRIGHT, FINLAY & ZAK

By:  /s/-Lindsay D. Robbins
LINDSAY D. ROBBINS
Attorneys for Plaintiff
WILMINGTON TRUST, NATIONAL ASSOCIATION

Dated: April 16, 2021                              SINCLAIR BRAUN LLP

By:  /s/-Kevin S. Sinclair
KEVIN S. SINCLAIR
Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC., CHICAGO TITLE INSURANCE COMPANY, and CHICAGO TITLE OF NEVADA, INC.

**IT IS SO ORDERED.**

Based on the parties' stipulation [ECF No. 11] and good cause appearing, IT IS FURTHER ORDERED that **this case is STAYED FOR ALL PURPOSES** pending the issuance of the mandate in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 ("the *Wells Fargo II* appeal"). The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE this case and administratively terminate all active motions [ECF Nos. 7, 8].** The parties must move to lift the stay, reopen this case, and reactivate any previously filed motions within 30 days of the issuance of the mandate in the *Wells Fargo II* appeal.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 22, 2021



**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL**