WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Lindsay D. Dragon, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
ldragon@wrightlegal.net

*Attorneys for Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Structured Asset Mortgage Investments II Trust 2007-AR6, Mortgage Pass-Through Certificates, Series 2007-AR6*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6, MORTGAGE PASS-THROUGH CERTIFIES SERIES 2007-AR5,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; CHICAGO TITLE INSURANCE COMPANY; CHICAGO TITLE AGENCY OF NEVADA; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00406-JAD-VCF<br><br>**STIPULATION AND ORDER TO STAY DEADLINE FOR DEFENDANTS' RESPONSIVE PLEADINGS AND DISCOVERY PENDING MOTION FOR REMAND [ECF No. 17]** |

Plaintiff Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Structured Asset Mortgage Investments II Trust 2007-AR6, Mortgage Pass-Through Certificates, Series 2007-AR6 ("Wilmington") and Defendants Fidelity National Title Group, Inc., Chicago Title Insurance Company, and Chicago Title Agency of Nevada, (collectively, "Defendants," and with Wilmington, the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows:

1 **WHEREAS**, on March 10, 2021, Wilmington filed its Complaint in the Eighth Judicial District Court, Case No. A-21-830897-C [ECF No. 1-1];

**WHEREAS**, on March 10, 2021, Chicago Title Insurance Company filed a Petition for Removal to this Court [ECF No. 1];

**WHEREAS**, on April 22, 2021, this Court entered an Order staying this case and vacating its Scheduling Order [ECF No. 12];

**WHEREAS**, the stay of this case was premised on a pending appeal to the Ninth Circuit in *Wells Fargo Bank N.A. v. Fidelity National Title Ins. Co.*, Case No. 19-17332 ("*Wells Fargo II*"), which resolved via the Ninth Circuit's mandate on November 29, 2021.

**WHEREAS**, prior to the stay of this case, Wilmington had filed a Motion for Remand [ECF No. 7] which was administratively terminated with this Court's stay order [ECF No. 12]. The Parties were instructed to reactivate any previously filed motions within 30 days of the issuance of the mandate in *Wells Fargo II*. *Id.*

**WHEREAS**, on December 29, 2021, Wilmington filed a Renewed Motion for Remand [ECF No. 17];

**WHEREAS**, the Renewed Motion for Remand has been fully briefed and is pending the Court's decision [ECF Nos. 27, 29];

**WHEREAS**, on January 26, 2022, this Court entered an Order lifting the stay of this case [ECF No. 26];

**WHEREAS**, Defendants have not yet responded to Wilmington's Complaint.

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. In the interests of judicial economy, the Parties stipulate and agree that the deadline for Defendants to file their response to Wilmington's Complaint [ECF No. 1-1] shall be **STAYED** pending the Court's decision on Wilmington's Renewed Motion for Remand [ECF No. 17];

/./././
/./././

2. The Parties stipulate and agree that discovery in this case shall also be **STAYED** pending the Court's decision on Wilmington's Renewed Motion for Remand [ECF No. 17];

3. The Parties shall not file any motions to enforce Party discovery while this stay is pending.

4. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.

5. Nothing contained in this stipulation will prevent the Parties from propounding and enforcing third party subpoenas.

6. Each of the Parties may request a further Fed R. Civ. P. 26(f) conference at any time 180 days after the order granting this Stipulation.

7. By entering into this Stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

8. In the event the Motion for Remand is denied and this Court retains jurisdiction, the Parties will submit a proposed joint discovery plan, as well as a stipulation to set Defendants' deadline to respond to Wilmington's Complaint, within thirty (30) days of the Court's Order.

**IT IS SO STIPULATED.**

DATED this 1st day of March, 2022.              DATED this 1st day of March, 2022.

WRIGHT, FINLAY & ZAK, LLP                       EARLY SULLIVAN WRIGHT
                                                 GIZER & McRAE LLP

*/s/ Lindsay D. Dragon*                          */s/ Sophia S. Lau*
Lindsay D. Dragon, Esq.                          Sophia S. Lau, Esq.
Nevada Bar No. 13474                             Nevada Bar No. 13365
7785 W. Sahara Ave., Suite 200                   8716 Spanish Ridge Avenue, Suite 105
Las Vegas, NV 89117                              Las Vegas, Nevada 89148
*Attorneys for Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Structured Asset Mortgage Investments II Trust 2007-AR6, Mortgage Pass-Through Certificates, Series 2007-AR6*    *Attorney for Defendants, Fidelity National Title Group, Inc., Chicago Title Insurance Company, and Chicago Title Agency of Nevada*

**IT IS SO ORDERED.**

Dated this  4th  day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE